■ In the Matter of the Claim of JOHN FLOYD, Respondent, v. FISHER BODY DIVISION OF GENERAL MOTORS CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed July 29, 1971. On July 27, 1970 claimant fell down some stairs at his home and sustained injuries to his back and wrist. He received disability benefits until August 16, 1970 when he returned to work and continued to work until August 31, 1970 when he again stopped working because of his back condition. The carrier refused to pay benefits after September 13, 1970 because a report from its orthopedic specialist indicated that claimant was no longer disabled. The Referee determined that claimant was not entitled to benefits after September 13, 1970. The board reversed stating: "After review, the Board finds on the basis of the probative medical evidence that the claimant was totally disabled to November 2, 1970 as evidenced by the claimant's physician. Even though the prostatitis was not disabling, the condition of the claimant's back rendered him totally disabled". Appellants contend that the attending physician's statement to the effect that claimant was totally disabled has no probative force because the disability did not prevent claimant from doing his regular work for nearly two weeks. The attending physician testified at length as to his objective and subjective findings and based upon these findings rendered his opinion. He also explained the reason for claimant's return to work for the two-week period. The evidence before the board as to the disability consisted of conflicting medical testimony presented no more than an issue of fact for the board to determine. (*Matter of Bumpus* v. *Eastern Greyhound Bus Corp.*, 30 A D 2d 733.) The board's

determination was supported by substantial evidence. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.